# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

May 8, 2025

**Via ECF**
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Virginia Oyebade v. The Children's Rescue Fund, et al.*
  Case No.: 1:24-cv-07820 (AS) (KHP)

Dear Judge Subramanian,

> Defendants are ordered to meet and confer with plaintiff in good faith by **May 16, 2025**, and by that same day to submit a letter to the Court explaining whether any issues remain to be resolved and what their position is. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 27.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: May 13, 2025

We are counsel to Plaintiff in the above-referenced matter and we write to request the Court's assistance with a discovery dispute between the parties. Specifically, Defendants have objected to all of Plaintiff's discovery requests and refused to provide their clients' availability for deposition.

Pursuant to Rule 5(B) of Your Honor's Individual Practices, on April 18, 2025, Plaintiff requested Defendants' availability to meet and confer to resolve the dispute. In that same correspondence, Plaintiff also served a deficiency letter outlining the deficiencies Plaintiff sought to address. Plaintiff requested that Defendants supplement their discovery responses and production within 10 days of the letter, to avoid Court intervention. On April 30, 2025, Plaintiff again requested a meet and confer with Defendants.

Despite Plaintiff's good faith attempts, Defendants have refused to provide their availability or even respond to Plaintiff's requests to meet and confer, in violation of Rule 5(C) of the Court's Individual Practices, which state, "[w]here a party raises a discovery dispute with the opposing party, the opposing party must make itself available to confer in good faith to resolve the dispute within two business days of a request for a conference."

In response to Plaintiff's discovery requests, Defendants merely provide blanket, boilerplate objections to each request. Defendants refuse to provide any of the requested information or documents. To date, all Defendants have provided was the initial "limited discovery in aid of settlement," and that was only after Plaintiff sought Court intervention. *See* ECF 24-26.

Among other objections, Defendants have outright objected to producing: (i) the class size for the 16 facilities; (ii) class-wide documents; (iii) class-wide contact information; or (iv) ESI. Defendants have also failed identify the corporate representative or provide their availability to meet and confer to schedule depositions. Plaintiff addresses each item below and requests that the Court compel Defendants to provide the requested items by May 15, 2025.

I.  **Class Size:** Defendants remain unwilling to provide the class size for 16 facilities included in the Complaint. Plaintiff's request for an estimate of the total class size is relevant and necessary to ensure that Defendants' ultimate sampling of class documents is sufficient for a Rule 23 motion. Given this Circuit's preference for granting pre-certification class discovery, the Court should compel Defendants to provide the total class size so that Plaintiff can determine whether the sampling is adequate for a Rule 23 motion.

**II.    Class-wide Documents:** Class discovery is particularly critical in this case as Plaintiff has alleged uniform unlawful time shaving due to automatic meal break deductions and detrimental rounding on behalf of herself and class members employed at Defendants 16 facilities. Plaintiff therefore is entitled to review class wide pay records, time records, and handbooks to determine the extent of Defendants' unlawful polices.

With respect to this violation, the claim will be provable using class-wide wage statements and time records. Given that there is no reason Plaintiff should be treated differently from other employees, and because Defendants wage statements are electronically automated, a reasonable sampling based on projected class size is appropriate. Plaintiff's is willing to accept a 20% sampling of class records for non-exempt hourly employees across Defendants' 16 facilities. Pursuant to 29 C.F.R. § 516.7 paystubs and time records are the type of documents that must be maintained and produced to a U.S.D.O.L. Administrator within 72 hours following a request. The rules themselves recognize the importance of these records and the ease with which they may be produced. Further, Defendants maintain these records electronically, making retrieval and production a simple and economical endeavor.

Plaintiff also notes that Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to seek Rule 23 class certification, and the Second Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met."

*See also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc.*, No. 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007).

**III.    Class Contact Information:** Plaintiff also requested contact information (name, address, email, and mobile number) of all prospective class members employed across Defendants' 16 facilities during the class period. This is appropriate because each of these individuals is a prospective witness. The production of such information has been deemed to be proper in many cases in this circuit.

"[T]here is an abundance of case law from the Southern District of New York, over the last nine years, which has 'routinely allow[ed] plaintiffs to discover identifying information regarding potential class members . . . .'" *Strauch v. Comput. Scis. Corp.*, No. 3:14 Civ. 956, 2015 U.S. Dist. LEXIS 516, at *10 (D. Conn. Jan. 6, 2015) (collecting cases). In *Fei v. WestLB AG*, the court

granted the plaintiff's motion to compel with respect to the names, positions, job titles, dates of employment, social security numbers, addresses, and telephone numbers of employees, holding:

> "[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members . . . ." (collecting cases). "Indeed, the information that [plaintiff] seeks obviously will be of considerable help to [plaintiff] in his efforts to define the class . . . ." 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. Apr. 23, 2008).

> "[E]ven where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and plaintiffs could renew their motion for certification at a later date." *Kwan v. Sahara Dreams Co. II*, 2020 U.S. Dist. LEXIS 79899, *20-21 (S.D.N.Y. 2020).

Recently, Courts in this jurisdiction have addressed this issue finding pre-certification discovery of contact information appropriate. See Sanchez v. Clipper Realty, Inc. et al., No. 21-cv-08502 (KPF), Order at Dkt. No. 102, dated April 9, 2024, at 2 (ordering defendants to produce names, mobile numbers, and last known addresses of putative class members). See Tay v. The New York and Presbyterian Hospital, et al., No. 22-cv-08379 (KMK) (VR), Transcript of September 28, 2023 Conference at p. 13-14; Dkt. 55 (granting Plaintiff's request for contact information reasoning that "the Southern District has been providing plaintiffs the opportunity with – to reach out and get contact information for putative class members for purposes – pre-certification for a variety of purposes."). See also Neor et al. v. Acacia Network, Inc. et al., No. 22-cv-04814 (ER), Transcript of November 14, 2023 Conference at p. 11-12; Docket Entry dated November 16, 2023 (granting Plaintiffs' request for contact information consistent with Defendants' class sampling).

**IV.    ESI:** Defendants have objected to producing any ESI or even running the searches on Plaintiff's requested ESI terms. Plaintiff requests that the Court compel Defendants to identify the custodians, run the searches and provide the hit reports by a date certain. After review of the hit reports, the parties can meet and confer to develop a reasonable timeline for production.

**V.    Depositions:** Plaintiff served deposition notices on Defendants and requested their availability to meet and confer to schedule depositions. To date, Defendants have refused to provide their availability to meet and confer or provide deposition dates. Plaintiff intends to depose Defendants' 30(b)(6) corporate witnesses (who has not yet been identified), and the individuals identified on Defendants' Initial Disclosures. With the fact discovery deadline quickly approaching, Defendants' refusal to engage in discovery of any kind is particularly concerning.

In view of the foregoing, we request that the Court compel Defendants to produce the above outlined discovery, identity of the 30(b)(6) witness and deposition availability for individuals identified on their Rule 26 Disclosures by May 15, 2025. We thank the Court for its attention to this matter.

Respectfully,

*/s/ C.K. Lee*

cc: all parties via ECF